**Saban VUKIC, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** **Respondent.**

No. 04–6604–ag.

United States Court of Appeals, Second Circuit.

June 1, 2006.

Saban Vukic, Bronx, NY, for Petitioner.

Michael O. Lang, Assistant United States Attorney (Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Edmond E. Chang, Craig A. Oswald, Assistant United States Attorneys; Jennifer Bauer, Student Intern, on the brief), Chicago, IL, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Saban Vukic (A73-178-060), *pro se,* petitions for review of the BIA's denial of his motion to reopen his deportation proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233-34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

When a timely petition had been filed only from the denial of a motion to reopen, and not the underlying order, this Court must limit its review to the denial of the motion. *Kaur,* 413 F.3d at 233. "[A]n alien may file only one motion to reopen ... proceedings ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). An exception to time and numerical limitations for a motion to reopen provides that a motion to reopen will not be time or number barred

where the motion is for the purpose of seeking asylum or withholding "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision [and] must be filed with the Board within 30 days after the mailing of the Board decision.... A party may file only one motion to reconsider." *Id.* § 1003.2(b)(2).

██ Here, Vukic's appeal is only timely as to the BIA's December 2004 decision, so that is the only decision under review. The BIA was not unreasonable in denying Vukic's motion. To the extent that the motion was a motion to reopen, it is numerically barred because Vukic filed two prior motions to reopen. Vukic does not meet the requirements of the exception to the numerical bar based on his pending I–130 and application for suspension of deportation/ cancellation of removal as these are not asylum or withholding claims. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Arguably, Vukic's alleged sentencing is evidence of changed country conditions supporting an asylum claim, but this evidence was considered and rejected (as previously available), though erroneously, by the BIA's May 2003 order, which Vukic failed to appeal or otherwise timely challenge.

██ To the extent the motion was a motion for reconsideration, the BIA was reasonable in not reconsidering the prior order because the motion did not specify the error of the prior decision. Furthermore, the BIA was correct in finding that the arguments in the motion had already been raised in the prior motions to reopen. Accordingly, the BIA did not abuse its discretion in denying Vukic's motion. *See Jin Ming Liu,* 439 F.3d at 111.

For the foregoing reasons, the petition for review and motion for stay of removal are DENIED. Although we lack jurisdiction over the BIA's May 2003 decision, we note that this decision appears to have been based on a clearly erroneous understanding of the facts in that the document Vukic submitted, dated September 2001, "was not available and could not have been discovered or presented at the former hearing," which took place in April 1998. *See* 8 C.F.R. § 1003.2. We remind the BIA that it has discretion to "at any time reopen or reconsider on its own motion any case in which it has rendered a decision," 8 C.F.R. § 1003.2(a), and suggest that it consider doing so here in the interest of fairness.